UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD EUGENE LIRA, | ) | No. ED CV 10-01280-VBK |
| Plaintiff, | ) ) | MEMORANDUM OPINION AND ORDER |
| v. | ) ) | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

| | |
|---|---|
|1| considered the relevant medical evidence of record; and |
|2| 2. Whether the ALJ properly considered Plaintiff's subjective |
|3| complaints and those statements made by third parties. |
|4|(JS at 3.)|

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ PROPERLY CONSIDERED THE RELEVANT MEDICAL EVIDENCE OF RECORD**

In Plaintiff's first issue, he asserts that the ALJ failed to account for and evaluate the report of Dr. Kalfuss, dated July 22, 1993. (See AR at 257-283.) Plaintiff notes that he was found to be temporarily totally disabled by Dr. Kalfuss from the period July 27, 1990 through January 1991. Noting that Dr. Kalfuss had limited Plaintiff to a significantly narrowed range of light work in 1993, and that he had described Plaintiff's condition as "degenerative" and "progressive," Plaintiff questions how the ALJ, 17 years later, could assess that he had a greater physical capacity for work than he did in 1993. Finally, Plaintiff notes that Dr. Kalfuss' opinions are consistent with other medical opinions rendered concurrently, such as that of Dr. King in 1992 (AR 309) and Dr. Sanford, in 1990 (AR 248).

Plaintiff has filed several applications, which were denied as recently as 1997 and 2005. (AR 10.) The ALJ noted that there was no basis for reopening these decisions, and Plaintiff does not claim otherwise. Thus, they are subject to administrative res judicata. The ALJ determined that Plaintiff has not been disabled within the

meaning of the Social Security Act any time after November 7, 2007, the date of his most recent application for Supplemental Security Income ("SSI").

With regard to the ALJ's evaluation of medical opinions, he did not, in fact, ignore the opinions of Drs. Kalfuss or Sanford. As to Dr. Sanford, the ALJ characterized his diagnostic opinion as a "remote document." (AR 13.) Nevertheless, the ALJ correctly noted that Dr. Sanford's opinion does not speak to the disability time frame at issue. Indeed, Dr. Sanford's November 1990 report predates the starting point of that period by 17 years.

Dr. Kalfuss' 1993 opinion was rendered as part of Plaintiff's workers' compensation claim. This report is 14 years prior to the disability date at issue. While, certainly, it is not required that relevant medical evidence have been obtained during the period of disability, it is fair to state that the more remote such an examination and report is, the less importance it will have in the disability analysis. Here, while Dr. Kalfuss may have projected a degenerative condition, that was only a prediction, and would not support a current finding of disability. In any event, it is not necessary to go down that avenue, because in this case the ALJ obtained two current independent medical evaluations. Dr. Altman, an orthopedic consultative examiner, saw Plaintiff in late 2007, and wrote a report on December 22 of that year. (AR 204-207.) Following a physical examination, Dr. Altman assessed Plaintiff's capacity as being able to lift and carry 20 pounds occasionally and 10 pounds frequently; to walk and stand for six hours in an eight-hour workday; to sit for six hours in an eight-hour workday; frequent postural activities as well as agility activities; no assistive device

necessary; and gross and fine manipulations can be done without restrictions. (AR 207.) This is consistent with an assessment that Plaintiff could perform light work with some limitations. It is also consistent with the ALJ's residual functional capacity ("RFC"). (AR 13.)

Plaintiff was also examined by Dr. Goldman, an independent psychological examiner. (AR 208-211.) After examining Plaintiff and performing objective testing, Dr. Goldman wrote a report in which he concluded that Plaintiff was malingering. (AR 208-211, at 210.) Plaintiff refused to answer Dr. Goldman's questions concerning his activities (AR 209), and also refused to take part in psychological testing. (AR 210.)

Plaintiff's concern about the ALJ's failure to rely upon a 14-year-old report which substantially predated the disability period is without merit. It is difficult to conceive why that report has any probative value at all. Indeed, while Plaintiff asserts disability, he was employed as a painter in 2006 (AR 10), and as a "mixer" until 2003 (AR 205). Thus, the Court finds that the ALJ properly determined Plaintiff's RFC based on current medical evidence in the record, and while he did not ignore Dr. Kalfuss' opinion from 1993, he accorded it less credibility because it was so stale. The Court concludes that the ALJ properly performed his function of weighing conflicting evidence in reaching his conclusion regarding disability.

**II**

**THE ALJ DID NOT ERR IN ASSESSING PLAINTIFF'S CREDIBILITY**

In Plaintiff's second issue, he asserts that the ALJ did not properly consider his subjective statements regarding his pain and

other symptomology.  Indeed, Plaintiff asserts that the ALJ ignored his pain statements, and performed no credibility analysis at all.

An examination of the ALJ's opinion does not corroborate Plaintiff's claims that the credibility issue was ignored. To the contrary, the ALJ set forth several reasons for depreciating Plaintiff's credibility. First, he noted Dr. Altman's assessment that Plaintiff was malingering. (AR 14.)  A finding of malingering is sufficient to support an adverse credibility determination. See Benton ex. rel. v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). The ALJ went further, and cited additional reasons. First, the ALJ noted that the objective medical evidence did not support Plaintiff's extreme allegations. While a discrepancy between subjective pain complaints and the objective medical evidence is not a sufficient reason, in and of itself, to depreciate credibility, it is relevant in combination with other factors. See Carmickle v. Commissioner, 533 F.3d 1155, 1161 (9th Cir. 2008).

In addition to the foregoing, the ALJ noted that Plaintiff's subjective complaints were inconsistent with his activities of daily living ("ADL"). Certainly, an individual can do some ADLs and yet remain disabled, but where an ability to perform ADLs is inconsistent with the existence of a condition that would preclude all work activity, it may be recognized in the credibility analysis. See Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990). Here, the ALJ assessed that Plaintiff could perform light work with some physical restrictions, and this is not inconsistent with Plaintiff's ability to ride a bicycle, shop, and perform other like activities.

Finally, the ALJ noted that Plaintiff had received very little medical treatment over the years. This is a recognized credibility

assessment factor. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

Based on the foregoing, the Court finds no error in the ALJ's credibility analysis.

Finally, the lay witness statement of Janet Powell, Plaintiff's friend, provides identical information to that provided by Plaintiff. (See AR 156-163, 164-170.) As such, there is no reversible error in the ALJ's failure to reach any different conclusion based on the lay witness statement of Ms. Powell. Further, since the ALJ depreciated Plaintiff's credibility, his failure to address Ms. Powell's statements was on no consequence in the determination of disability. At most, it constituted harmless error. See Stout v. Commissioner of Social Security Administration, 454 F.3d 1056, 1053 (9th Cir. 2006.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: May 5, 2011              /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE